Filed 4/27/23  In re Erick R.G. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re Erick R.G., <br><br> a Person Coming Under the Juvenile Court Law. | B319830 <br><br> (Los Angeles County  Super. Ct. No. 22CCJP00374) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br>      Plaintiff and Respondent, <br><br>      v. <br><br> A.G., <br><br>      Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mary E. Kelly, Judge.  Dismissed.

Erin Riley Khorram, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Interim County Counsel, Kim Nemoy, Assistant County Counsel, Jacklyn K. Louie, Principal Deputy County Counsel, for Plaintiff and Respondent.

-----------------------

## MEMORANDUM OPINION

As this appeal is determined by a recent controlling decision of our Supreme Court, *In re D.P.* (2023) 14 Cal.5th 266 (*D.P.*), we decide this matter by memorandum disposition. (Cal. Stds. Jud. Admin., § 8.1.)

A.G. (Mother) appeals from a findings and order made by the juvenile court at the adjudication and disposition hearing on March 30, 2022, pursuant to which the juvenile court assumed jurisdiction over her child, Erick R.G. (born in 2021). At that hearing, the court sustained a Welfare and Institutions Code[1] section 300 petition regarding then seven-month-old Erick. As to Erick's father, Johnny R. (Father), the court sustained allegations that Father committed domestic violence against Mother (§ 300, subd. (b)(1); count b-1), and that Father's drug use posed a substantial risk to the child and rendered Father unable to provide regular care to the child (§ 300, subd. (b)(1); count b-2). The court also sustained an allegation that Mother failed to protect Erick from Father's drug use (§ 300, subd. (b)(1); count b-2). Father has not appealed; thus, only the failure to protect jurisdictional finding against Mother is at issue in this appeal.

While this appeal was pending, at a section 364 hearing on January 5, 2023, the juvenile court terminated jurisdiction

-----

[1] Unless otherwise indicated, all statutory references are to the Welfare and Institutions Code.

pending receipt of the custody order.[2]  On January 12, 2023, the court entered a final juvenile judgment/custody order awarding Mother sole legal and sole physical custody of Erick, with Father having monitored visits a minimum of three times a week for three hours each visit.  Mother has filed a notice of appeal from that order; that appeal (B326337) is still awaiting preparation of the record and briefing.

In light of the exit order awarding Mother sole custody, DCFS urges us to dismiss this appeal as moot.  Should we reach the merits, DCFS argues substantial evidence supports the juvenile court's jurisdictional finding against Mother.  Mother argues her appeal is not moot because the failure to protect finding against her could negatively affect her in possible future dependency or family law proceedings, that even if her appeal is moot, we should exercise our discretion to consider its merits, and that there is not substantial evidence to support the jurisdictional finding against her.

We agree with DCFS that Mother's appeal is moot and decline to exercise our discretion to consider its merits.  A case is moot when it is " ' "impossible for [a] court, if it should decide the case in favor of [the] plaintiff, to grant [her] any effect[ive] relief." ' [Citation.]  For relief to be 'effective,' . . . the plaintiff must complain of an ongoing harm [that is] . . . redressable or capable of being rectified by the outcome the [appellant] seeks. [Citation.]" (*D.P.*, *supra*, 14 Cal.5th at p. 276.)  Purely speculative concerns about the finding's possible effects in

---

[2] We granted a request by the Los Angeles County Department of Children and Family Services (DCFS) to take judicial notice of this post-appeal proceeding.

hypothetical future proceedings or other contexts and stigma resulting from the challenged jurisdictional finding are all insufficient to make such a showing and avoid mootness. (*Id.* at p. 278.)

Mother does not dispute that reversal of the challenged jurisdictional finding could not have deprived the juvenile court of jurisdiction over Erick; the jurisdictional findings based on Father's substance abuse and domestic violence were independently sufficient to create jurisdiction over Erick and have not been challenged on appeal. (See *In re Jonathan B.* (1992) 5 Cal.App.4th 873, 875 ["The reviewing court may affirm . . . if the evidence supports the decision on any one of several grounds"]; see also *In re Alexis E.* (2009) 171 Cal.App.4th 438, 451 [same].) Nor did the challenged jurisdictional finding adversely impact Mother's current rights regarding Erick in any way. Prior to the dependency proceeding, there were no custody orders. At the conclusion of the dependency proceeding, Mother's rights were not limited as she was awarded sole legal and sole physical custody.

Mother argues that her appeal is not moot because there is a "specific legal or practical consequence that will be averted upon reversal" of the challenged jurisdictional finding. (*D.P.*, *supra*, 14 Cal.5th at p. 283.) In particular, she claims the court's finding could potentially affect future dependency or family law proceedings. She also claims it could prejudice her should she come before a state agency that relies on juvenile court findings. These arguments about potential future effects are based on compound speculation. Mother currently has sole custody of Erick pursuant to an order that is a "final judgment" and cannot be modified in any family law proceeding "unless the court finds

4

that there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child." (§ 302, subd. (d).) Mother's concerns about the unspecified effect of the challenged finding in hypothetical future dependency or family law proceedings is speculative and insufficient to find her appeal is not moot. (*D.P.*, *supra*, at pp. 281-282.) Speculation about the impact of these findings on unnamed state agencies in hypothetical future proceeds is likewise insufficient to find her appeal is not moot.

Where a dependency appeal is moot, "[an appellate] court has discretion to decide the merits" of that moot appeal and speculative concerns about possible future effects of a jurisdictional finding may provide a basis for an appellate court to exercise that discretion. (*D.P.*, *supra*, 14 Cal.5th at p. 283.) In *D.P.*, our Supreme Court laid out a nonexhaustive list of factors for assessing "whether a court should exercise discretionary review of a moot appeal." (*Id.* at p. 286.) Specifically, the court noted that courts may consider (1) "whether the challenged jurisdictional finding 'could be prejudicial to the appellant or could potentially impact the current or future dependency proceedings,' or ' "could have other consequences for [the appellant], beyond jurisdiction" ' "; (2) "whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct"; and (3) "why the appeal became moot." (*Id.* at pp. 285-286.)

After considering these factors, we decline to exercise our discretion to consider the merits of Mother's appeal. As to the first factor, as explained above the possible future consequences Mother identifies are highly speculative. As to the second factor, although allegations that Mother failed to protect her child

against Father's drug abuse could be stigmatizing, we do not consider it so stigmatizing as to weigh heavily in favor of review. In so concluding, we do not mean to minimize the emotional and physical harm such a failure to protect can cause a child. But we must consider Mother's conduct with our larger purpose in mind; all conduct we assess in this analysis necessarily involves child abuse and neglect, and thus all such conduct will be pernicious and severe in the sense that it harms the most vulnerable members of our society. Our assessment of the severity and perniciousness of the alleged conduct is thus a relative one.

Finally, we consider whether the reason the appeal has been rendered moot weighs in favor or against discretionary review. The Supreme Court noted that discretionary review may be more appropriate where one parent appeals but not the other, and the findings against the appealing parent are based on more serious conduct. (*D.P.*, *supra*, 14 Cal.5th at p. 286.) Discretionary review may also be appropriate where other grounds exist for jurisdiction and the only finding challenged on appeal is one that "involve[es] particularly severe conduct." (*Ibid*.) Neither is the case here; the more serious conduct and related findings are against Father, not Mother.

The third factor, mootness occurring "due to prompt compliance by parents with their case plan" (*D.P.*, *supra*, 14 Cal.5th at p. 286), is in play here with regard to Mother. As part of the case plan, Mother was ordered to participate in individual counseling, a domestic violence support group, and an Al-Anon program. Mother's laudable behavior in complying with the case plan, which led to the prompt conclusion of the dependency proceeding, favors discretionary review. But *D.P.* directs us not to consider an individual factor in isolation. (*Id*. at p. 286 ["no

6

single factor is necessarily dispositive of whether a court should exercise discretionary review of a moot appeal"].) On balance, after considering all of the pertinent factors and the totality of the evidence in the record, we conclude that discretionary review of Mother's moot appeal is not warranted.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

7